UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

All Cases arise under Chapter 7

| | |
|---|---|
| **In re:**<br>WAYNE A. STURMAN,<br><br>*Debtor.* | Case No.<br>**89 B 11932**<br>**(PCB)** |
| **In re:**<br>BRUCE D. STURMAN,<br><br>*Debtor.* | Case No.<br>**89 B 11933**<br>**(PCB)** |
| **In re:**<br>HOWARD P. STURMAN,<br><br>*Debtor.* | Case No.<br>**89 B 11934**<br>**(PCB)** |

## NOTICE OF APPEAL

**DONNA A. STURMAN**, a party in interest, appeals under 28 U.S.C. § 158(a) or (b) from the judgment, order, or decree of the bankruptcy judge Prudence Beatty entered in this Bankruptcy proceeding on the 2nd day of November 2009, which approved the applications Marc Stuart Goldberg, Chapter 7 Trustee ("Trustee"), Harrington, Ocko & Monk, LLP, Attorney for Trustee, and BDO Seidman, LLP, Accountant for Trustee, for final allowances of compensation and reimbursement of expenses in the bankruptcy estates of Wayne A. Sturman (**ECF No. 909, 909-1**), Bruce D. Sturman (**ECF-535**), and Howard P. Sturman (**ECF # 570**) (collectively, the "Debtors").

The names of all parties to the judgment, order, or decree appealed from and the names, addresses, and telephone numbers of their respective attorneys are as follows:

**Kevin J. Harrington**
Harrington, Ocko & Monk, LLP
81 Main Street
Suite 215
White Plains, NY 10601
(914) 686-4800
Fax : (914) 686-4824
Email: kharrington@homlegal.com

**Marc Stuart Goldberg**
Harrington, Ocko & Monk, LLP
81 Main Street
White Plains, NY 10601
(914) 686-4800
Fax : (914) 686-4824
Email: mgoldberg@msglegal.com

**United States Trustee**
Office of United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

<u>BRIEF STATEMENT OF GROUNDS FOR APPEAL</u>

Appellant asserts interests and claims in three capacities: (1) *as a partner and shareholder* who has filed $20 Million Dollar Proofs of Claim in each of the above-captioned cases on behalf of 6-8 PELHAM PARKWAY CORP., CAULDWELL MANAGEMENT CORP., ANTHONY J. GRIFFEN CORP., HP HOWARD & CO., H. DEVELOPMENT CORP., WAYNE-ADAM CORP., CORNWALL ESTATES, INC., YORKVILLE ASSOCIATES, PELHAM ASSOCIATES, PELHAM RAQUETBALL AND HEALTH CLUB, A.B. YALE CORP., ASTORIA TERMINAL INC., AND SEA-BRIDGE AND PIER TERMINAL CORP.; and (2) *as a creditor of* Lawrence Station Racquetball & Health Club d/b/a Metrofit Athletic Club of Lawrence; (b) Glen Cove Racquetball & Health Club, Inc., (c) Overseas Funding Corp., a New York corporation; (d) Grand Realty Corp., (e) Hunter's Run Associates, (f) M&H Construction Co., (g) Scarsdale Road Realty Associates; (h) Mediatrics, Inc., (i) Park Terminal Corp. (j) PDA Management Co. (k) B&S Racquet Club Associates; (1) The Sturman Group, Ltd. and (m) The Sturman Organization, Ltd. and such other corporations and partnerships to which the Debtors unlawfully and fraudulently transferred assets belonging to those certain corporations and partnerships listed in ("1") above; and (3) as a *beneficiary* of the Estates of Henry and Muriel Sturman.

It is submitted that the Bankruptcy Court unlawfully allowed the takeover by the Trustee in these Cases of the non-debtor entities listed in "1" above, who liquidated them and transferred and dissipated such non-bankruptcy assets to use them to satisfy debts for which they were not responsible, including the payment of the fees allowed by the instant Order and which entities were not properly under the jurisdiction of the Bankruptcy Court. In addition, the Trustee prohibited Appellant from seeking redress from the entities listed in "2" above for the defalcations and fraudulent transfers made by the Debtors of the assets owned by the non-debtor entities to those entities listed in "2" above, the recipients of unlawful transfers by the Debtors of such assets.

The distribution of the Fees and Disbursement made to the Trustee, his counsel and BDO Seidman were fraudulent and consisted of converted property belonging to Appellant, in her representative and individual capacity, and which properties were not properly under the jurisdiction of this Court and were under the jurisdiction and pending court orders of the New York Surrogate's Court for the County of New York, and the Supreme Court of the State of New York, County of New York, enjoining the transfer, sale or other transfer thereof.

Dated: November 12, 2009

**Submitted By:** **THE LAW OFFICES OF DAVID H. RELKIN**
**575 Eighth Avenue--Suite 1706**
**New York, New York 10018**
**212-244-8722**

s/ David H. Relkin
**By:** _____
Counsel Appearing for Partner/Shareholder/Creditor/Beneficiary Donna A. Sturman:
*David H. Relkin, Esq. (David@RelkinLaw.com)*

Appellant reserves her rights in all respects to right to have final orders in non-core matters entered only after *de novo* review by a District Judge; or the right to trial by jury in any proceeding so triable in this case or any case, controversy, or proceeding related to this case; or the right to have the District Court withdraw the reference in any matter subject to mandatory or discretionary withdrawal; or to adjudicate rights in other applicable forums, or any other rights, claims, actions, defenses, setoffs, or recoupments to which the aforesaid party-in-interest is or may be entitled under agreements, in law or in equity, all of which rights are expressly reserved.