# MANDATE

S.D.N.Y.–N.Y.C.
10-cv-325
10-cv-448
10-cv-449
Batts, J.

United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 6th day of April, two thousand eleven,

Present:

    Ralph K. Winter,
    John M. Walker, Jr.,
    José A. Cabranes,
        *Circuit Judges*.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 24, 2011
```

In re Bruce D. Sturman, Howard P. Sturman, Wayne A. Sturman,

        *Debtors*.

Donna Sturman,

        *Appellant*,

    v.                                        10-4206-bk
                                                  10-4209-bk

Marc Stuart Goldberg,                              10-4217-bk

        *Appellee*.

As a preliminary matter, the appeal docketed under 10-4209-bk was dismissed on the grounds that Appellant had failed to file Forms C and D. *See* U.S.C.A. Dkt. No. 10-4209-bk at docs. 11 and 14. However, we construe Appellant's Forms C and D filed under 10-4217-bk as applying to 10-4209-bk. *See* U.S.C.A. Dkt. No. 10-4217-bk at docs. 14 and 19. Accordingly, it is hereby ORDERED that the appeal docketed under 10-4209-bk is REINSTATED and the three above-captioned appeals are consolidated for purposes of this order.

MANDATE ISSUED ON 05/24/2011

Appellee, through counsel, moves to dismiss the above-captioned appeals on the grounds that Appellant lacked standing to appeal from an order of the bankruptcy court to the district court. In deciding whether the district court properly dismissed a bankruptcy appeal, we review issues of standing *de novo*. *See In re Zarnel*, 619 F.3d 156, 161 (2d Cir. 2010); *see also In re O'Brien*, 184 F.3d 140 (2d Cir. 1999) (*per curiam*) (affirming district court's dismissal for lack of standing). Accordingly, upon due consideration, it is further ORDERED that Appellee's motion is construed as a motion for summary affirmance, and, as construed, is GRANTED because the appeals lack an arguable basis in law or fact. *See United States v. Monsalve*, 388 F.3d 71, 73 (2d Cir. 2004) (*per curiam*); *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (*per curiam*). Appellant lacked standing to appeal from the underlying bankruptcy court order given that she has no pecuniary interest in the Sturman estates in light of the December 2002 court-approved settlement agreement. *See In re Zarnel*, 619 F.3d at 161; *In re Gucci*, 126 F.3d 380, 388 (2d Cir. 1997). Insofar as Appellant challenges the settlement's enforceability, she is barred from doing so under the doctrine of res judicata. *See Greenberg v. Bd. of Governors of Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992); *see also In re Gibraltar Resources, Inc.*, 210 F.3d 573, 576-77 (5th Cir. 2000); *In re Medomak Canning*, 922 F.2d 895, 900-01 (1st Cir. 1990).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2